```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MARK KOMLOSI,                       :

                 Plaintiff,         :    88 Civ. 1792 (HBP)

    -against-                       :    OPINION
                                         AND ORDER
MELANIE FUDENBERG,                  :

                 Defendant.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

By letter dated July 31, 2009, plaintiff/judgment-creditor Mark Komlosi, who is now proceeding pro se, requests this Court's assistance in his attempts to compel New York State to indemnify defendant/judgment debtor Melanie Fudenberg pursuant to New York Public Officers Law Section 17 for the $2,372,988 judgment entered in this matter on March 29, 2001.

Although Komlosi does not identify the precise relief he is requesting, I construe his application as (1) a request for an order directing New York State to indemnify Fudenberg, or, alternatively, (2) a motion to clarify or amend the judgment in this case to reflect that acts giving rise to the judgment

against Fudenberg were not intentional.[1]  For the reasons set forth below, Komlosi's application is denied.

II. Facts

These proceedings arise out of a civil rights action brought pursuant to 42 U.S.C. § 1983 in which plaintiff, a psychologist formerly employed by the New York State Office of Mental Retardation and Developmental Disabilities ("OMRDD"), claimed that defendant violated his federally protected rights by causing false charges of sexual misconduct to be made against him.  With the parties' consent pursuant to 28 U.S.C § 636(c), this matter was tried to a jury and myself from May 24, through June 3, 1999.  The jury returned a verdict in plaintiff's favor on two of the three theories submitted to it and awarded $6.6 million in compensatory damages and $10 million in punitive damages.  After trial, I granted defendant's motion for an order directing the entry of judgment in her favor with respect to one of the two theories on which the jury found for plaintiff and ordered a new trial on the issue of damages unless plaintiff consented to remittitur.  See Komlosi v. Fudenberg, 88 Civ. 1792 (HBP), 2000 WL 351414 (S.D.N.Y. Mar. 31, 2000).  Plaintiff then

---

[1] See Lewis v. Rawson, 564 F.3d 569, 575 n.7 (2d Cir. 2009), citing Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (pro se submissions must be read "to raise the strongest arguments they suggest").

stipulated to remit compensatory damages to the extent they exceeded $1,872,988 and punitive damages to the extent they exceeded $500,000 (Order, dated Mar. 26, 2001 (Docket Item 135)).

Fudenberg first demanded indemnification from OMRDD under Public Officer's Law Section 17 on April 5, 2001 (Letter from Mark E. Goidell to OMRDD Commissioner Thomas Maul, dated April 5, 2001, annexed to Plaintif[f]'s Reply to the State's Memorandum of Law per Court Order dated August 6, 2009, ("Pl's Response")). According to Komlosi, Fudenberg is disabled and unemployed, and her sole source of income is Social Security Disability benefits totaling $1,200 per month (Letter from Mark Komlosi to the Honorable Henry B. Pitman, dated July 31, 2009 ("Komlosi Letter") at 2). On October 28, 2003, I granted Komlosi's motion to be appointed post-judgment receiver for purposes of administering, prosecuting and liquidating Fudenberg's claims against third parties for indemnification of the judgment or for damages that could be used to satisfy the judgment (Order, dated Oct. 28, 2003 (Docket Item 143)). Since then Komlosi has made numerous demands upon the New York State Attorney General and OMRDD on Fudenberg's behalf (Komlosi Letter at 1-2), which were ultimately denied on July 1, 2009 on the grounds that the acts which resulted in the judgment against Fudenberg were intentional and not within the scope of her

employment (Letter from June Duffy to Mark Komlosi, dated July 1, 2009, annexed to Komlosi Letter).

Komlosi contends that the Attorney General and OMRDD's denial of Fudenberg's demand for indemnification is incorrect. He argues that the state should be bound by its previous offers to indemnify her as well as its prior statements that she was acting within the scope of her employment (Pl's Response at 7).

Komlosi also argues that there is no basis on which to find that Fudenberg acted intentionally because the malicious prosecution verdict could have been based on recklessness (Pl's Response at 16-17). He cites Fudenberg's bipolar disorder as evidence that she did not act intentionally because it caused her "misinterpret" reality and actually "suspect" that Komlosi committed sexual misconduct (Komlosi Letter at 2, Pl's Response at 12). According to Komlosi, Fudenberg would not have induced the purported victim, David Rosenberg, to falsely accuse Komlosi of sexual misconduct (Pl's Response at 12) and Rosenberg's testimony to that effect at trial was false (Komlosi Letter at 2). Komlosi also contends that even if Fudenberg's behavior was intentional, the state should indemnify her because it has indemnified employees for judgments based on intentional conduct in the past (Pl's Response at 9).

Finally, Komlosi claims that because of Fudenberg's mental illness, "primary responsibility" for the malicious

prosecution lies with OMRDD because they should have known about her condition and either treated it or transferred her to a position without patient contact (Pl's Response at 13).

By order dated August 6, 2009, I directed the parties to submit memoranda of law addressing whether (a) the Court has subject matter jurisdiction to entertain this application; (b) the application is barred by the Eleventh Amendment; (c) plaintiff has standing to assert a claim for indemnification under Section 17 of New York's Public Officers Law; (d) the application fails on the merits because plaintiff appears to now be claiming that liability arises from a non-intentional tort while the trial proceeded on the theory that Fudenberg had intentionally and maliciously caused plaintiff to be prosecuted for a crime he did not commit, and (e) the application suffers from other defects (Docket Item 144).

III. <u>Analysis</u>

    A. Indemnification
       <u>of Fudenberg</u>

        1. Subject Matter
          <u>Jurisdiction</u>

Komlosi states that "the primary reason" for his application "is the blatant failure" of OMRDD and the Attorney General's Office "to comply with and to respect the Order of this

court against the defendant state employee Fudenberg" (Komlosi Letter at 1).  To the extent Komlosi seeks assistance in compelling New York State to indemnify Fudenberg,[2] the Eleventh Amendment to the United States Constitution deprives this Court of subject matter jurisdiction to entertain his application.

The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Although the Eleventh Amendment's express terms do not deprive federal courts of jurisdiction to hear claims against a state by the state's own citizens, it has long been held by the Supreme Court to apply  equally to such claims.  <u>Blatchford v. Native Vill. of Noatak</u>, 501 U.S. 775, 779 (1991) ("Despite the narrowness of its terms, . . . we have understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition of our constitutional structure which it confirms:  that the States entered the federal system with their sovereignty intact; that the judicial authority

---

[2] In his response, Komlosi asserts that his application is not an attempt to compel the state to indemnify Fudenberg (Pl's Response at 14).  Notwithstanding Komlosi's protestations, I conclude that his application is properly characterized as an effort to compel indemnification by New York State.  Komlosi's submissions attack New York State's indemnification decision and indemnification is the only remedy that would afford Komlosi any practical relief.  Thus, regardless of what Komlosi attempts to call it, his pending application is seeking indemnification.

in Article III is limited by this sovereignty, . . . and that a State will therefore not be subject to suit in federal court unless it has consented to suit, either expressly or in the 'plan of the convention.'" (Scalia, J.) (citations omitted)); see also Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Hans v. Louisiana, 134 U.S. 1 (1890).  "The Eleventh Amendment, where applicable, deprives a federal court of jurisdiction.  Thus, prior to addressing the merits of [a] case [the Court] must first determine whether Eleventh Amendment immunity bars [its] jurisdiction."  In re 995 Fifth Ave. Assocs., 963 F.2d 503, 506 (2d Cir. 1992) (citation omitted).

It is well established that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Islander East Pipeline Co., LLC v. Conn. Dep't of Envtl. Prot., 482 F.3d 79, 88-89 (2d Cir. 2006); see Komlosi v. N.Y. Office of Mental Retardation & Dev. Disabilities, 64 F.3d 810, 815 (2d Cir. 1995) ("[f]or Eleventh Amendment purposes, OMRDD is to be considered an arm of New York State").  Moreover, whether or not the claim is nominally against a state, suit will be barred if "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain

the Government from acting, or to compel it to act.'"  Pennhurst State School & Hosp. v. Halderman, supra, 465 U.S. at 102 n.11, quoting Dugan v. Rank, 372 U.S. 609, 620 (1963); see U.S. Envtl. Prot. Agency v. Gen. Elec. Co., 197 F.3d 592, 597 (2d Cir. 1999). Thus, a suit to compel a state or its agency to indemnify a party is a suit against the state for purposes of the Eleventh Amendment and is barred absent the state's consent.  Oneida Co. v. Oneida Indian Nation, 470 U.S. 226, 251 (1985); M.O.C.H.A. Soc'y, Inc. v. City of Buffalo, 272 F. Supp. 2d 217, 222-23 (W.D.N.Y. 2003); Cmty. Health Care Ass'n of N.Y. v. Mahon, 106 F. Supp. 2d 523, 528 (S.D.N.Y. 2000) (Parker, J.); Mullin v. P & R Educ. Servs., Inc., 942 F. Supp. 110, 115 (E.D.N.Y. 1996).  A state's consent to be sued must be "unequivocally expressed."  Pennhurst State School & Hosp. v. Halderman, supra, 465 U.S. at 99.

Komlosi seeks relief pursuant to the indemnification provision of New York Public Officers Law Section 17 (Komlosi Letter at 1), which provides, in pertinent part, that "[t]he state shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court . . . [this] duty shall not arise where the injury or damage resulted from intentional wrongdoing on the part of the employee."  N.Y. Pub. Off. Law § 17(3)(a).  Komlosi does not contend that the state has consented to suit under this provision nor have I found any basis for such a conclusion.  To

8

the contrary, courts have repeatedly held that Section 17(3) is not a waiver of Eleventh Amendment immunity. See Langley v. Coughlin, 715 F. Supp. 522, 551 (S.D.N.Y. 1989) (Sand, J.) (adopting Report and Recommendation of Dolinger, M.J.); United States v. DCS Dev. Corp., 590 F. Supp. 1117, 1121 (W.D.N.Y. 1984). Because New York State has not consented to suit under Section 17(3), the Eleventh Amendment deprives this court of subject matter jurisdiction to entertain Komlosi's application.

Komlosi also contends that the Commissioner of OMRDD is liable for failing to respond to Fudenberg's requests for indemnification (Pl's Response at 8) and that this Court has jurisdiction to compel him to satisfy the judgment (Pl's Response at 4). As noted above, even if a claim is nominally against an individual, it cannot be heard in federal court if "'the judgment sought would expend itself on the public treasury or domain, or . . . if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" Pennhurst State School & Hosp. v. Halderman, supra, 465 U.S. at 102 n.11, quoting Dugan v. Rank, supra, 372 U.S. at 620; see U.S. Envtl. Prot. Agency v. Gen. Elec. Co., supra, 197 F.3d at 597. If the Commissioner of OMRDD has any obligation to indemnify Fudenberg, the obligation results from his office and any indemnification obligation would be funded by the state's fisc. Thus, regardless of the party named by Komlosi, so long as he seeks to compel the state to

9

indemnify Fudenberg, such a claim is barred by the Eleventh Amendment.

Therefore, to the extent Komlosi seeks to compel New York State to indemnify Fudenberg, the Eleventh Amendment deprives this Court of subject matter jurisdiction to entertain his application.[3]

B. Clarification or Amendment

In his response, Komlosi argues that he is not seeking to compel the state to act, but rather requesting that this Court issue "a discretionary decision and/or opinion concerning the [j]ury verdict, that would allow a conclusion, that Fudenberg's malicious conduct was based on her reckless disregard . . . and was not intentional (Pl's Response at 17)." Although Komlosi does not specify the procedural vehicle for his request, I deem the request to be made under Rule 60 of the Federal Rules of Civil Procedure.

Rule 60(a) provides that "[t]he court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule

---

[3] The Eleventh Amendment also bars Komlosi's claim that OMRDD is primarily liable for his injuries based on its failure to supervise Fudenberg (Pl's Response at 13). See Komlosi v. N.Y. Office of Mental Retardation & Dev. Disabilities, supra, 64 F.3d at 815 (dismissing claims Komlosi initially asserted against the state on Eleventh Amendment grounds).

10

60(b) "sets forth the grounds by which a court, in its discretion, can rescind or amend a final judgment or order." Graham Kandiah, LLC v. JPMorgan Chase Bank, N.A., 08 Civ. 6956 (JGK), 2009 WL 1704570 (S.D.N.Y. June 18, 2009) (Koeltl, J.), citing Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

To the extent that Komlosi is requesting a clarification of the judgment entered against Fudenberg, such relief is not warranted. Although Rule 60(a) may be used to clarify judgments, see Gustafson v. Kennametal, Inc., 00 Civ. 7396 (RWS), 2001 WL 286725 at *1 (S.D.N.Y. Mar. 22, 2001) (Sweet, J.), it may not be invoked where, as here, there is no "clearly demonstrable mistake, oversight or omission." Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 757 F. Supp. 283, 290 (S.D.N.Y. 1991) (Conner, J.). It was not an oversight to omit a theory of liability from the judgment in this case. Indeed, "[a] judgment should not include recitals of pleadings . . . or a record of prior proceedings." Fed.R.Civ.P. 54(a).

Furthermore, even if the relief Komlosi seeks were permitted by the Federal Rules of Civil Procedure, such a "clarification" would be contrary to the theory on which the case against Fudenberg was tried, namely a theory of intentional misconduct. See Plaintiff's Opening Statement, Trial Transcript at 29 (characterizing Fudenberg's behavior as "arbitrary and capricious and deliberate attempts to ruin the reputation of Mr.

11

Komlosi"), 30 (allegations against Komlosi were "concocted by Melanie Fudenberg"); Plaintiff's Summation, Trial Transcript at 709 (allegations were "a plan that originated with the defendant to ruin Mr. Komlosi"), 698 ("I ask you to find that [Fudenberg] deliberately manipulated David Rosenberg to make false accusations of sexual abuse against Mr. Komlosi"), 704 ("I submit to you that she knew [the allegations] were false because she concocted them herself"); Komlosi v. Fudenberg, supra, 2000 WL 351414 at *3 (evidence at trial established that Fudenberg used threats to induce Rosenberg to accuse Komlosi of engaging in acts of sexual impropriety).  The evidence showed that Fudenberg intentionally induced the false allegations against Komlosi and, thus, there is no basis on which to conclude that the verdict was based on reckless conduct. See Restatement (Second) of Torts § 500 cmt. f ("[w]hile an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it.").

Komlosi fails to set forth any grounds that justify amendment of the judgment in this matter.  He contends that there have been new developments since the trial that show that Fudenberg was not acting intentionally.  Specifically, he identifies Fudenberg's post-judgment deposition testimony that she was bipolar (Komlosi Letter at 2).  Komlosi claims that this psychiatric condition is evidence that Fudenberg did not act

12

intentionally because it caused her to "misinterpret" reality and actually "suspect" that Komlosi engaged in acts of sexual misconduct (Komlosi Letter at 2, Pl's Response at 12). He also makes the unsubstantiated allegation that Rosenberg testified falsely at trial (Komlosi Letter at 2). Deeming these arguments to constitute an application to amend the judgment on the grounds of newly discovered evidence, the application is clearly untimely. See Fed.R.Civ.P. 60(c) (motion under Rule 60(b)(2) for relief from judgment based on newly discovered evidence must be made "no more than a year after the entry of the judgment[.]").

Komlosi also cites Fudenberg's limited income and the State's refusal to indemnify her as "new developments" that have occurred since trial (Komlosi Letter at 2-3). Although Rule 60(b)(6) provides a vehicle for relief from judgment outside of the one year time limit based on "any other reason that justifies relief," Rule 60(b)(6) applies "only in 'extraordinary circumstances,' when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in the other clauses of Rule 60(b)." Boehner v. Heise, 03 Civ. 05453 (THK), 2009 WL 1360975 (S.D.N.Y. May 14, 2009) (Katz, M.J.), citing LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001) and Transaero, Inc. v. La Fuerza Area Boliviana, 24 F.3d 457, 461 (2d Cir. 1994). The fact that the state has refused to indemnify Fudenberg based on the evidence presented by

Komlosi's own counsel is not an extraordinary circumstance. Indeed, "[t]he rules for post-judgment relief are not a vehicle for relieving a party from a 'voluntary, deliberate, free, untrammelled choice' that turns out to be unfortunate." See IBJ Schroder Bank & Trust Co. v. Resolution Trust Corp., 90 Civ. 2736 (PNL), 1993 WL 288266 at *3 (S.D.N.Y. July 23, 1993) (Leval, J.), quoting Ackermann v. United States, 340 U.S. 193 (1950); see Jackson v. Refined Sugars, Inc., 24 F. Supp. 2d 322, 324 (S.D.N.Y. 1998) (Edelstein, J.), quoting Wagner Spray Tech. Corp. v. Wolf, 113 F.R.D. 50, 51 (S.D.N.Y. 1986) (Sweet, J.) ("[p]laintiff's 'interest in undoing the results of a litigation strategy which, in hindsight, [may have been] unwise, fails to outweigh the judiciary's interest in the finality of judgments.'").  Thus, Komlosi has not presented any grounds on which to amend the judgment in this case.

Therefore, to the extent that Komlosi seeks a clarification of the judgment in this case, such application is denied on the grounds that the judgment contained no mistake, oversight or omission and that the requested clarification would be contrary to the evidence offered at trial and the theory on which the case was tried.  To the extent that Komlosi seeks amendment of the judgment in this case, such application is denied because the time for making such a motion based on newly

discovered evidence is long passed and Komlosi has presented no arguments that would justify such relief.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff/judgment creditor Komlosi's application for (1) an order directing the state to indemnify Fudenberg, or, alternatively, (2) a motion to clarify or amend the judgment in this case to reflect that the acts which resulted in the judgment against Fudenberg were not intentional is denied. Given the severity of the injury Komlosi suffered, including his unwarranted public vilification, the anxiety inherent in facing a criminal charge, and the destruction of his career as a psychologist, I appreciate the frustration he must feel over the lack of any practical relief. Nevertheless, my personal empathy for plaintiff cannot displace the well settled legal limitations that preclude the relief he seeks here.

Dated: New York, New York
       December 9, 2009

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Mark Komlosi
Apt. 5-B
155 East 96th Street
New York, New York 10128

June Duffy, Esq.
Bureau Chief
Litigation Bureau
Office of the Attorney General
State of New York
120 Broadway
New York, New York 10271-0332